IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN C. FERNANDES, JR., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 05-3322-CV-S-DW-H |
| ROBERT McFADDEN, Warden, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust administrative remedies and because he has otherwise failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that his transfer from the Medical Center to USP, Allenwood, Pennsylvania, violates his due process rights, is a form of retaliation, and is in violation of the Federal Rules of Appellate Procedure. He contends that because his liberty interests are at stake, formal exhaustion should not be required.

It is petitioner's contention that the transfer to Allenwood might impair his legal rights and ability to litigate the issues related to his collateral attack on his sentence in the Eighth Circuit. He also contends that the transfer was retaliatory and in violation of federal rules because prior approval from a federal judge was not secured before the transfer on July 19, 2005.

Respondent contends that petitioner has not exhausted available administrative remedies prior to filing his habeas petition; that he has no right to remained confined at the Medical Center; that his transfer back to Allenwood was not retaliatory; and that no constitutional nor statutory right has been violated.

A review of the record indicates that petitioner has not exhausted administrative remedies on this issue. [Declaration of Dennis Bitz]. Even assuming he had exhausted those remedies, it is clear that petitioner's assertions are without merit. Regardless of his desire not to be transferred to Allenwood, an inmate has no right to be housed in a particular institution. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996). Further, that transfer can occur without the approval of a federal judge. Despite his assertions that the transfer was retaliatory, respondent indicates that petitioner was transferred to the Medical Center to participate in a drug treatment program. Because he engaged in illicit drug use while in the program, he received a disciplinary hearing and was discharged from the program. As a result, he was transferred back to Allenwood. It is obvious that the transfer was not retaliatory. Respondent states that all of his personal property, with the exception of his college textbooks, was shipped to Allenwood, and arrived there on July 25, 2005. Accordingly, it is clear that petitioner's contentions regarding his ability to access the courts has not been impaired by his transfer. Lewis v. Casey, 518 U.S. 343, 350-53 (1996).

Because petitioner has failed to exhaust administrative remedies, and further, because he has failed to state a constitutional violation, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

petition herein be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 4/17/06